Anthony Cellucci, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Telephone: 516-280-7675
acellucci@raslg.com

United States District Court
Southern District of New York

Onity Mortgage Corporation f/k/a PHH Mortgage Corporation,

Plaintiff,

-against-

Michael J. Materasso; Carol Ann Materasso; JPMorgan Chase Bank, National Association S/B/M/T North American Mortgage Company,

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendant(s).

Civil Action No. 26-CV-09187

**COMPLAINT**

Plaintiff, Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, ("Plaintiff") by and through its attorneys, Robertson, Anschutz, Schneid, Crane & Partners, PLLC as and for its Complaint of foreclosure of the premises and mortgage against Defendants, Michael J. Materasso, Carol Ann Materasso, and JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.,* to foreclose on a mortgage encumbering the property commonly known as 48 Judith Street, Nanuet, New York 10954; known on the Rockland County Tax Map as Section 63.7, Block 4, Lot 48 in the County of Rockland, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as ***Exhibit "A"***.

**PARTIES**

2. Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, is a corporation organized under the laws of the State of New Jersey with its principal place of business in the State of New Jersey. It is a citizen of New Jersey.

3. Michael J. Materasso, is a resident and citizen of the State of New York, with a place of domicile at 48 Judith Street, Nanuet, New York 10954. Michael J. Materasso, is a necessary party defendant to this action by virtue of the fact that he is a record owner of the subject property and obligor of the Note and Mortgage being foreclosed.

4. Carol Ann Materasso, is a resident and citizen of the State of New York, with a place of domicile at 48 Judith Street, Nanuet, New York 10954. Carol Ann Materasso, is a necessary party defendant to this action by virtue of the fact that she is a record owner of the subject property and mortgage of the Mortgage being foreclosed.

5. JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, is a corporation of the State of Ohio, with a principal place of business at1111 Polaris Pkwy, Columbus, Ohio 43240. JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, is a necessary party defendant to this action by virtue of the fact that it is the holder of a prior mortgage.

6. The John Doe Defendants are persons, parties, corporations or other entities, if any

who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property.

7. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, is subject and subordinate to, the lien of said Mortgage.

**JURISDICTION AND VENUE**

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

9. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

**FACTUAL BACKGROUND**

10. (a) On June 2, 2020, Michael J. Materasso, executed a Note to Quicken Loans, LLC, for $440,000.00. On June 2, 2020, Michael J. Materasso and Carol Ann Materasso, executed a Mortgage in the principal amount of $440,000.00 and interest to Mortgage Electronic Registration Systems, Inc. as Nominee for Quicken Loans, LLC. The applicable mortgage tax was paid. Said Mortgage was recorded on June 25, 2020, in Rockland County in Instrument Number 2020-00017377 ("Mortgage"). A copy of the Note is annexed as ***Exhibit "B"*** and a copy of the Mortgage is annexed as ***Exhibit "C".***

(b) Said Mortgage was assigned to the Plaintiff by Assignment of Mortgage as reflected in the Schedule of Assignments annexed as ***Exhibit "D"***. A copy of said Assignment

of Mortgage is also annexed as ***Exhibit "D"***

11. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

12. Plaintiff is the owner and holder of said Note and Mortgage or has been delegated the authority to institute a mortgage foreclosure by the owner and holder of the said Note and Mortgage.

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**

13. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12 as though fully set forth herein.

14. Michael J. Materasso and Carol Ann Materasso, failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on January 1, 2026, and the default continues to date.

15. Plaintiff has complied with all contractual conditions precedent including the service of a 30-day notice to cure.

16. Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

17. Plaintiff has complied with RPAPL §1304 and RPAPL §1306. Copies of the 90 day notices and the proof of filing statement(s) are annexed hereto as ***Exhibit "E"***.

18. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a of the Banking Law and any rules and regulations promulgated thereunder, and Section 6-1 or 6-m of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

19. As of the date herein, the Defendants have failed to cure the above-described

default.

20. Due to the above-described default, the Defendants are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

a. The unpaid principal amount due under the Note, $303,290.39 (Three Hundred Three Thousand Two Hundred Ninety and 39/100 Dollars) together with all accrued and unpaid interest, late charges and other fees and costs permitted by the Note and Mortgage;

b. Attorney's fees and other costs and disbursements, payable to Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

21. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

a. Any state of facts that an inspection of the premises would disclose.

b. Any state of facts that an accurate survey of the premises would show.

c. Covenants, restrictions, easements and public utility agreements of record, if any.

d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

e. Any right of tenants or person in possession of the subject premises.

f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

g. Prior lien(s) of record, if any.

22. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiffs cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

23. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

24. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, or if any such action is pending, a final judgment was not rendered in favor of Plaintiff and such action is intended to be discontinued.

**AS AND FOR A SECOND CAUSE OF ACTION**

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. This action is brought pursuant to Article 15 of the New York State Real Property Actions and Proceedings Law to bar Defendant, JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, from any right, title, or interest in and to the premises located at 48 Judith Street, Nanuet, New York 10954 and known as Section 63.7, Block

4, Lot 48.

27. Plaintiff is the holder of the subject note and mortgage referenced above.

28. Upon review of a foreclosure search it was determined that the following defendant has an interest or claim in the real property which cannot be extinguished in the foreclosure action: JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company.

29. JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, is named a party defendant by virtue of the fact that it holds a prior mortgage which is adverse to Plaintiff's interest and which remains open of record. Said mortgage was recorded on March 13, 1998, in Rockland County in Instrument Number 1998-10548.

30. Upon information and belief, all defendants are known and have been, or will be, joined in this action. Plaintiff lacks any information indicating whether any defendant is, or might be, an infant, mentally handicapped, mentally ill or an alcohol abuser.

31. Upon information and belief, there are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved in this action, and any judgment rendered herein will not and may not affect any such person not in being or not ascertained at the time of the commencement of the action.

32. The senior mortgage of Defendant, JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, appears to be prior and adverse to the mortgage being foreclosed and is subject to be declared invalid and extinguished pursuant to Article 15 of the Real Property Actions and Proceedings Law.

33. Plaintiff hereby requests a Judgment stating the following:

ORDERED, ADJUDGED and DECREED that the mortgage which appears to be prior and

adverse to the mortgage being foreclosed, namely the senior mortgage of JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, is hereby declared invalid and extinguished pursuant to RPAPL Article 15; and it is further

ORDERED, ADJUDGED and DECREED that Defendant, JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, and all persons or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the record be reformed to reflect that the prior mortgage of Defendant, JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, is invalid and extinguished.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

**WHEREFORE,** Plaintiff respectfully requests this Court grant judgment in favor of Plaintiff and as against Defendants as follows:

**I. On its First Cause of Action** the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this Complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of plaintiffs Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendant, Michael J. Materasso, may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court or waived by plaintiff), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way

of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiffs cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff,

**II. On its Second Cause of Action**, that Defendant, JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company's interest in the mortgaged premises, and all persons or entities claiming by, through or under them, be declared invalid and extinguished, and that JPMorgan Chase Bank, National Association s/b/m/t North American Mortgage Company, and all persons or entities claiming by through or under them, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises and that the plaintiff be granted reformation of the record to reflect said prior mortgages being extinguished; and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: October 13, 2026

Yours, etc.

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Plaintiff

*/s/ Anthony Cellucci, Esq.*

_______________________________
Anthony Cellucci, Esq.
900 Merchants Concourse, Suite 310
Westbury, NY 11590
516-280-7675

United States District Court
Southern District of New York

Onity Mortgage Corporation f/k/a PHH Mortgage Corporation,

Plaintiff,

- against –

Michael J. Materasso; Carol Ann Materasso; JPMorgan Chase Bank, National Association S/B/M/T North American Mortgage Company,

"John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.

# COMPLAINT

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Phone: 516-280-7675